SAM PARKER ET AL V. THE STEDMAN COMPANY.

Application No. 24,500. Decided November 8, 1939.
(132 S. W., 2d Series, 847.)

*J. R. Bogard,* of San Augustine, and *Adams & McAlister,* of Nacogdoches, for plaintiffs in error.

*Ramsey & Ramsey,* of San Augustine, and *David C. Marcus,* of Beaumont, for defendant in error.

PER CURIAM.

On October 25, 1939, the Court dismissed application for writ of error by an order "Dismissed W. O. J.—Correct Judg-

ment." Since that action of the Court, it has been called to the attention of the Court that after the rendition and entry of the judgment by the Court of Civil Appeals complained of in said petition for writ of error, the plaintiffs in error filed no motion for rehearing in that Court.

■ Briefly, the facts are these: After this cause reached the Court of Civil Appeals, and before submission of same, a motion was made to strike the brief of appellants (plaintiffs in error here) and dismiss the appeal. On May 11, 1939, the Court entered its order sustaining said motion and dismissing the cause. The appellants thereupon filed motion for rehearing complaining of the action of the Court in sustaining said motion. On July 28, 1939, the Court granted said motion, and reinstated the case. The Court thereupon considered the case on its merits and wrote an opinion. After this opinion upon the merits was filed and judgment was entered, the appellants filed no motion for rehearing. Under section (d) of Rule 1 governing procedure in the Supreme Court it is necessary to the jurisdiction of this Court that a motion for rehearing be filed in the Court of Civil Appeals complaining of the errors assigned in the petition for writ of error. This requirement has not been repealed by the amendment to said section effective November 23, 1938. (130 Texas v.)

■ The order of October 25, 1939, is therefore set aside, and the application for writ of error in this case is dismissed for want of jurisdiction. This order is based solely upon the fact that no motion for rehearing was filed in the Court of Civil Appeals, and is not to be taken as holding that the county court was without jurisdiction because of Article 1951 of the Revised Statutes of 1925. The question of lack of jurisdiction in the county court, because of that article, was not called to the attention of the Court of Civil Appeals, nor presented in the petition for writ of error filed here.

Opinion delivered November 8, 1939.